IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUSTIN KAMPERT,
individually and on behalf of
others similarly situated,

      Plaintiff,

      v.

RAYMOND JAMES FINANCIAL,
INC.,

      Defendant.

Case No. 6:17-cv-01036-JR

FINDINGS AND
RECOMMENDATION

_____

RUSSO, Magistrate Judge:

      Defendant Raymond James Financial Services, Inc. moves to dismiss plaintiff Dustin Kampert's complaint pursuant to Fed. R. Civ. P. 12(b)(2)[1], or alternatively to transfer this case to either the Middle District of Florida or the Eastern District of Missouri. 28 U.S.C. § 1406. The Court held oral argument on February 7, 2018. For the reasons set forth below, defendant's motion to dismiss should be granted.

_____

[1] Although plaintiff filed his complaint "individually and on behalf of all others similarly situated," he has not received class certification.

Page 1 – FINDINGS AND RECOMMENDATION

**BACKGROUND**

Plaintiff brings suit against defendant for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(b)(3). Plaintiff alleges defendant failed to provide him a pre-adverse action notice prior to denying his sponsorship for a Series VII stockbroker's license due to information improperly procured from a LexisNexis Smartlinx consumer report. Compl. ¶¶ 1-5 (doc. 1).

The following facts are undisputed:

Plaintiff was employed at all relevant times by Hake Investment Group, LLC (Hake), a non-party in this litigation. Hake is a Missouri-based firm, where plaintiff worked remotely from his home in Bend, Oregon. Id. at ¶ 6. Defendant is a for-profit, Florida corporation with its principal place of business in St. Petersburg, Florida. Meyer Decl. ¶¶ 2-3 (doc. 22). Hake is an independent affiliate of defendant; Hake's employees, like plaintiff, may seek sponsorship from defendant to become registered financial advisors for Hake. Id. at ¶¶ 5-6.

In May 2015, Hake instructed plaintiff to submit an application to defendant for sponsorship to sell financial services products using a Series VII stockbroker's license. Compl. ¶ 25 (doc. 1). Hake initiated communication with defendant from Missouri on plaintiff's behalf. Kampert Decl. ¶ 12 (doc. 25-1). Hake expressed to defendant its desire to "bring[] on a new advisor in the Portland area." Kampert Decl. Ex. 4 (doc. 25-1). In response, defendant sent Hake a "Confidential Profile" for plaintiff to complete, which included a background check consent form. Kampert Decl. Ex. 1 (doc. 25-1). Plaintiff sent a completed application, listing a Bend, Oregon, home address, back to Hake, who then forwarded it to defendant. Kampert Decl. ¶ 19 (doc. 25-1).

In June 2015, defendant asked Hake to send plaintiff a new application. Id. at ¶ 22. Plaintiff completed the application for a second time and once again sent it to Hake, who forwarded the application to defendant. Id.

In July 2015, defendant completed a LexisNexis Smartlinx report and provided plaintiff with a copy. Compl. ¶ 28 (doc. 1). The report contained a criminal history from public records in Virginia. The criminal history was expunged from plaintiff's record in October 2008. Id. at ¶ 29. Plaintiff alleges defendant's improper procurement of his expunged criminal record is the reason defendant denied his sponsorship application. Id. at ¶ 31. Plaintiff also alleges that, as a result of the LexisNexis Smartlinx report, Hake terminated his employment. Id.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(2), dismissal is appropriate when the court lacks personal jurisdiction over the defendant. The plaintiff bears the burden of proving personal jurisdiction is proper. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008).

Federal courts ordinarily follow the state law of the forum to determine the bounds of personal jurisdiction. Ranza v. Nike, Inc., 793 F.3d 1059, 1068 (9th Cir. 2015) (citing Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014)). Under Oregon's long arm statute, personal jurisdiction is authorized to the full extent permitted by the United States Constitution. Id. (citing Or. R. Civ. P. 4(L)). The Due Process Clause of the Fourteenth Amendment, in turn, requires nonresident defendants to "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted).

The plaintiff need only make a prima facie showing of jurisdictional facts. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citations omitted).

To determine whether the plaintiff has met his burden, the court looks only into the plaintiff's pleadings and affidavits. Id. Uncontroverted allegations must be taken as true and conflicts between the parties must be resolved in the plaintiff's favor. Id.

## DISCUSSION

There are two forms of personal jurisdiction: general and specific. Boschetto, 539 F.3d at 1016. Relevant to this case is specific jurisdiction, since neither party argues in favor of general personal jurisdiction. See Def.'s Mot. Dismiss 7 (doc. 21); Pl.'s Opp'n. to Mot. Dismiss 7 (doc. 25); Def.'s Reply to Mot. Dismiss 4 (doc. 27). Specific personal jurisdiction exists over a defendant for circumstances arising out of the defendant's minimum contacts. Int'l Shoe Co., 326 U.S. at 316. Three elements must be present to meet the minimum contacts standard for personal jurisdiction. Schwarzenegger, 374 F.3d at 802. First, a defendant must "purposefully direct his activities" at the forum state. Id. Second, the claim must arise out of or relate to the defendant's forum-related activities. Id. Finally, exercising personal jurisdiction must not offend notions of fair play and substantial justice, i.e., personal jurisdiction must be reasonable. Id. The plaintiff must satisfy the first and second prongs of the three-prong test before the burden shifts to the defendant to show why the exercise of jurisdiction would not be reasonable. Id.

Concerning the first prong, either the purposeful availment or the purposeful direction test applies. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (purposeful availment generally applies in contract cases while purposeful direction applies in tort cases).[2] Given that the Ninth Circuit has found FCRA

---

[2] While defendant initially analyzed the facts of this case under the purposeful availment test, defendant conceded in its reply that the purposeful direction test, which plaintiff employed, is the correct test. Irrespective of which test applies, the Court's conclusion does not change as defendant's conduct does not satisfy either standard.

violations are akin to tort actions, the purposeful direction test applies. Myers v. Bennett Law Offices, 238 F.3d 1068, 1074 (9th Cir. 2001).

To prove purposeful direction, the plaintiff must establish the defendant allegedly: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. The first and third elements of this test are undisputed in the case at bar. Def.'s Reply to Mot. Dismiss 6 (doc. 27). As such, the Court will analyze only the "express aiming" element.

Plaintiff argues defendant's intentional acts, viewed together, satisfy the express aiming element of the purposeful direction test under Bernard v. Atlas Score, LLC, 2013 WL 997083, at *3 (D. Or. Mar. 12, 2013). Pl.'s Opp'n to Mot. Dismiss 10-13 (doc. 25); Hearing (Feb. 7, 2018). Bernard held that, when a defendant intentionally requests a consumer report of someone who defendant knows to live in the forum state, express aiming is satisfied. Bernard, 2013 WL 997083, at *3. Here, plaintiff points to the fact that defendant would have financially benefited from granting plaintiff's sponsorship application. Pl.'s Opp'n to Mot. Dismiss 10-13 (doc. 25); Hearing (Feb. 7, 2018). Additionally, plaintiff notes defendant sought to have plaintiff join the ranks of defendant's other Oregon affiliates. Id. Finally, plaintiff argues defendant knew plaintiff lived in Oregon when defendant requested plaintiff's consumer report, and Oregon is where plaintiff's injury was felt. Id.

The Supreme Court's decision in Walden v. Fiore, 134 S. Ct. 1115 (2014) calls Bernard into question. Def.'s Reply to Mot. Dismiss 5 (doc. 27). Specifically, Walden requires a defendant to aim its conduct at *the forum*, not just at the plaintiff. Walden, 134 S. Ct. at 1122; Def.'s Reply to Mot. Dismiss 5 (doc. 27). Therefore, defendant argues, dismissal is appropriate because defendant's relevant contacts were directed only at plaintiff and not directed at Oregon.

The Ninth Circuit recently clarified this issue in Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1143 (9th Cir. 2017): "the mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." (internal quotations omitted). Morrill directs a court to consider two factors to determine whether an action is expressly aimed at a forum state: "[f]irst, the relationship must arise out of contacts that the defendant *himself* creates with the forum State"; and, second, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. (emphasis in original and internal quotations omitted). Due Process provides that a defendant cannot be haled into court in a forum state based on the "random, fortuitous, or attenuated" contacts made by interacting with other persons affiliated with the State. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Thus, "[r]egardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum state." Walden, 134 S. Ct. at 1126.

Plaintiff's reliance on Bernard, which predated both Walden and Morrill, is misplaced. Indeed, plaintiff's counsel acknowledged at the hearing that Morrill "muddies the waters." Hearing (Feb. 7, 2018). While requesting a consumer report may be an intentional act, Morrill directs this Court to find that such an act was not expressly aimed at Oregon. Defendant did not create contacts with the forum state underlying this litigation. Instead, plaintiff's own evidence demonstrates that Hake reached-out to defendant in Florida. Kampert Decl. ¶¶ 12-13 (doc. 25-1). Hake was also the primary recipient and intermediary of defendant's communication with plaintiff. Kampert Decl. Exs. 1-3 (doc. 25-1). In fact, plaintiff does not submit any evidence of direct communication between him and defendant. In other words, defendant's only contact with

plaintiff was through Hake in Missouri. Therefore, defendant did not *itself* create sufficient minimum contacts with the forum state pursuant to Morrill and Walden.

Moreover, although plaintiff's injury was felt in Oregon, post-Walden jurisprudence counsels that this connection alone is insufficient. "Such reasoning improperly attributes a plaintiff's forum connection to the defendant and makes those connections 'decisive' in the jurisdictional analysis. It also obscures the reality that none of the challenged conduct had anything to do with [the forum state] itself." Walden, 134 S. Ct. at 1125; Morrill, 873 F.3d at 1145; see also Control Sols., Inc. v. MicroDAQ.com, Inc., 126 F. Supp. 3d 1182, 1191 (D. Or. 2015) (post-Walden, express aiming at a forum resident is only jurisdictionally relevant if the contacts created by the defendant are directed at the forum state).[3]

Additionally, the fact that defendant may have sought to engage in a financial relationship with plaintiff in the future, had he passed the Series VII test, is not persuasive. Personal jurisdiction cannot be based on a hypothetical contact. Rather, a defendant must purposefully direct itself at the forum by "perform[ing] some type of affirmative conduct." Helicopter Transp. Serv., LLC v. Sikorsky Aircraft Co., 253 F. Supp. 3d 1115, 1129 (D. Or. 2017). As such, the Court can only evaluate personal jurisdiction based on the contacts defendant has already made, not the contacts defendant *would* have made *if* it had not denied plaintiff's

---

[3] The majority of United States Circuit Courts share this view. See, e.g., Lee Goldman, *From Calder to Walden and Beyond: The Proper Application of the "Effects Test" in Personam Jurisdiction Cases*, 52 San Diego L. Rev. 357, 365–66 (2015); United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 624 (1st Cir. 2001); Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998); ALS Scan Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 714 (4th Cir. 2002); Herman v. Cataphora, Inc., 730 F.3d 460, 465-66 (5th Cir. 2013); Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 555-53 (6th Cir. 2007); Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A., 623 F.3d 440, 444 (7th Cir. 2010); Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010); Grynberg v. Ivanhoe Energy, Inc., 490 Fed. App'x 86, 97-98 (10th Cir. 2012).

application. Accordingly, defendant's contacts and potential future financial relationship with plaintiff are not adequate under Morrill to confer personal jurisdiction.

Given plaintiff's inability to satisfy the first prong of the test for specific personal jurisdiction, plaintiff cannot meet his burden and the Court need not analyze the second and third prongs of the minimum contacts test. Further, plaintiff's request for jurisdictional discovery should be denied. The court has discretion whether to grant jurisdictional discovery. Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977). However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (quotations omitted). Neither plaintiff's opposition nor oral argument cited to any potentially jurisdictional facts. Plaintiff did not identify, and the Court does not find, any facts indicating that discovery could bear jurisdictionally relevant information. See Control Sols., Inc., 126 F. Supp. 3d at 1191-92.

## RECOMMENDATION

For the reasons stated herein, defendant's Motion to Dismiss (doc. 21) should be granted, and its alternative motion to transfer venue denied as moot. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo

consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 22nd day of February 2018.

 s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge