IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DUSTIN KAMPERT**, individually
and on behalf of others similarly situated,

        Plaintiff,

  v.

**RAYMOND JAMES FINANCIAL, Inc.**,

        Defendant.

No. 6:17-cv-01036-JR

**OPINION AND ORDER**

**MCSHANE, Judge**:

      Plaintiff Dustin Kampert brings this action for violations of the Fair Credit Reporting Act ("FCRA") against Raymond James Financial, Inc.[1] On February 22, 2018, Magistrate Judge Jolie A. Russo issued a Findings and Recommendation ("F&R") in response to Defendant's motion to dismiss for lack of personal jurisdiction. In her F&R, Judge Russo recommended that this Court (1) dismiss Mr. Kampert's action for lack of personal jurisdiction, (2) deny his request for jurisdictional discovery, and (3) deny as moot Defendant's request for transfer to a new venue. Since Mr. Kampert timely filed objections to the F&R, the Court reviews the file of this case *de novo*. 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Russo's F&R but, based on arguments not presented to Judge Russo, finds that it is in the interest of justice that the case be transferred rather than dismissed. Defendant's Motion to Dismiss is therefore DENIED and the case is transferred to the Middle District of Florida.

---

[1] Although Mr. Kampert filed his Complaint "individually and on behalf of all others similarly situated," he has not received class certification.

Page 1 – OPINION AND ORDER

**DISCUSSION**

Mr. Kampert does not object to Judge Russo's finding that the Court lacks personal jurisdiction over Defendant. Instead, he argues that, even if personal jurisdiction is lacking, it is in the interest of justice that the case be transferred to an appropriate district, not dismissed.[2] Plf.'s Objections to F&R 2. As Defendant rightfully observes, this is a new argument and one which Judge Russo did not have an opportunity to consider. Def.'s Resp. to Objections 3-5. In fact, Mr. Kampert strongly opposed Defendant's request that, if it were subject to personal jurisdiction, the case be transferred pursuant to 28 U.S.C. § 1404(a). Plf.'s Opp'n to Mot. to Dismiss 22-28. Nevertheless, it is within this Court's discretion to consider evidence and, therefore, arguments not raised before a magistrate judge. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000). Here, the Court finds it appropriate to consider Mr. Kampert's new transfer argument because of the mandatory language in 28 U.S.C. § 1631, described below, and the harsh result Mr. Kampert would otherwise suffer because of a dismissal.

"The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631." *Cruz–Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). Pursuant to 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed." A separate "motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions." *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987). Although the statute does not refer specifically to a want of personal jurisdiction, the Ninth Circuit has treated it as applying to deficiencies in both subject matter and personal jurisdiction. *See, e.g.*, *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d

---

[2] Mr. Kampert also objects to Judge Russos's recommendation that his request for jurisdictional discovery be denied. Plf.'s Objections to F&R 2. Since the case is being transferred, that request is denied as moot.

Page 2 – OPINION AND ORDER

758, 761-62 (9th Cir. 1990) (finding a lack of personal jurisdiction and remanding with instruction that the district court dismiss or transfer the action pursuant to § 1631); *Harrell v. Kepreos*, 175 Fed. Appx. 793, 794 (9th Cir. 2006) (holding that the district court abused its discretion by not considering whether § 1631 transfer would be in the interest of justice).

As Judge Russo rightly concluded, this Court lacks personal jurisdiction over Defendant; further, the parties seem to agree that jurisdiction and venue would be proper in the Middle District of Florida. *See* Def.'s Mot. to Dismiss 13-14; Plf.'s Objections to F&R 4-5. The sole issue under 28 U.S.C. § 1631, therefore, is whether a transfer would be in the interest of justice. In general, "transfer will be in the interest of justice because normally dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (internal quotation marks and citation omitted). A transfer is also in the interest of justice if the "failure to transfer would prejudice the litigant and . . . the litigant filed the original action in good faith." *Cruz-Aguilera*, 245 F.3d at 1017. As other circuits have held, and as district courts in the Ninth Circuit have agreed, a plaintiff is prejudiced by having to file a new action if it would cause her claims to be time barred. *See, e.g.*, *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2nd Cir. 2009); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); *NxSystems, Inc. v Monterey Cty. Bank*, No 3:12-cv-0905-ST, 2012 WL 4093932, at *9 (D. Or. Sept. 17, 2012).

Here, transferring Mr. Kampert's action is in the interest of justice. The record contains no indication that the action was brought in bad faith and judicial economy militates against dismissing the case. More importantly, however, Mr. Kampert's claims would likely fall outside of the FCRA's two-year statute of limitations if asserted as part of a new action. Under 15 U.S.C. § 1681p(1), a plaintiff has two years from the date on which she discovers a violation to file suit. Mr. Kampert concedes that he filed the present action within "approximately ten days"

of the statute of limitations expiring. Plf.'s Objections to F&R 5. Based on this representation, and the more than ten months which have elapsed since Mr. Kampert filed his Complaint, it is likely that Mr. Kampert's claims would be time barred upon refilling. This is a harsh result under the circumstances, especially given that Defendant has not challenged the merits of Mr. Kampert's claims and, based upon the Court's own "quick look," the claims appear to be non-frivolous. *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). It is therefore in the interest of justice that the present action be transferred to the Middle District of Florida.

## CONCLUSION

For the foregoing reasons, Judge Russo's F&R is adopted, with the exception that instead of granting Defendant's motion and order of dismissal, this action is to be transferred to the Middle District of Florida. Defendant's Motion to Dismiss is therefore DENIED and this action is hereby transferred to the Middle District of Florida.

IT IS SO ORDERED.

DATED this 3rd day of May, 2018.

/s/ Michael McShane_____
Michael J. McShane
United States District Judge